UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

WILLIAM McMICHAEL,

                        Petitioner,

      -against-

PATRICK GRIFFIN, Superintendent,
Southport Correctional Facility,

                        Respondent.
------------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM AND ORDER
11-CV-00956 (CBA)

AMON, United States District Judge:

On February 16, 2011, *pro se* petitioner William McMichael filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a 2005 Kings County conviction. For the reasons set forth below, petitioner is directed to submit an affirmation, within thirty (30) days of the date of this Order, showing cause why the petition should not be dismissed as time-barred.

## Background

Petitioner, who was sixteen at the time of the offenses with which he was charged, challenges his August 11, 2005 conviction in the Supreme Court of the State of New York, Kings County, for felony second-degree murder. A sentence of twenty-five years to life imprisonment was imposed on December 1, 2005. Petitioner's appeal to the Supreme Court of New York, Appellate Division, Second Department, was denied on September 11, 2007. People v. McMichael, 43 A.D.3d 963 (N.Y. App. Div. 2007). He was denied leave to file with the New York Court of Appeals on November 15, 2007. People v. McMichael, 9 N.Y.3d 992 (2007).

On April 6, 2009, petitioner filed his first motion for collateral relief, a petition for a writ

of error coram nobis, alleging the ineffective assistance of appellate counsel. Petitioner argued that appellate counsel was ineffective for failing to raise the claim, on direct appeal, that petitioner was entitled to withdraw his guilty plea because he was neither advised at the time of his plea that his failure to abide by the cooperation agreement could result in an enhanced sentence nor given an opportunity to withdraw his plea and stand trial. Petitioner's motion was denied on September 15, 2009. People v. McMichael, 65 A.D. 3d 1167 (N.Y. App. Div. 2009); Petition at ¶ 7. The Court of Appeals denied leave to appeal on January 22, 2010. Petition at ¶ 8 & Ex., Decision dated January 22, 2010. Petitioner filed the instant petition on February 16, 2011. Petition at 8.

## Discussion

I. The AEDPA Statute of Limitations

In enacting the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress established a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a State court judgment. See 28 U.S.C. § 2244(d)(1). The AEDPA provides that the limitation period shall run from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

If a "properly filed" application for State post-conviction or other collateral review with respect to the judgment of conviction was "pending" at any time during that one-year period, the time during which this application was pending does not count toward the one-year period. 28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is not jurisdictional and may be equitably tolled. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010); Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir.) (per curiam), cert. denied, 531 U.S. 840 (2000). "Equitable tolling, however, is only appropriate in 'rare and exceptional circumstances.'" Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001), cert. denied, 535 U.S. 1017 (2002) (quoting Smith, 208 F.3d at 17). A petitioner "must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances 'beyond his control' prevented successful filing during that time." Id.; see also Baldayaque v. United States, 338 F.3d 145, 152-53 (2d Cir. 2003), Valverde v. Stinson, 224 F.3d 129, 133 (2d Cir. 2000).

A district court can "raise a petitioner's apparent failure to comply with the AEDPA statute of limitation on its own motion." Acosta v. Artuz, 221 F.3d 117, 121 (2d Cir. 2000); see also Day v. McDonough, 547 U.S. 198, 209 (2006) ("[D]istrict courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). However, "unless it is unmistakably clear from the facts alleged in the petition, considering all of the special circumstances enumerated in Section 2244(d)(1), equitable tolling, and any other factors

3

relevant to the timeliness of the petition, that the petition is untimely, the court may not dismiss a Section 2254 petition for untimeliness without providing petitioner prior notice and opportunity to be heard." Acosta, 221 F.3d at 125 (citing Snider v. Melindez, 199 F.3d 108, 113 (2d Cir. 1999); Lugo v. Keane, 15 F.3d 29, 30 (2d Cir. 1994)).

II. Application of the Law to this Case

The facts alleged in the petition suggest that petitioner's application for habeas corpus relief pursuant to 28 U.S.C. § 2254 is time-barred. The Court of Appeals denied leave to appeal on November 15, 2007. Thus, petitioner's judgment of conviction became final on or about February 13, 2008. Barring statutory tolling, his petition was due February 13, 2009.

28 U.S.C. § 2244(d)(2) provides for the one-year limitation period to be tolled while state post-conviction motions are pending. Petitioner alleges that he filed his coram nobis petition on April 6, 2009. Petitioner is advised that § 2244(d) applies only if petitioner's post-conviction motion was pending within the one-year limitations period, and excludes from the limitations period only the time the motion remain undecided. Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*). Assuming there is no other basis for statutory or equitable tolling, the post-conviction motion filed by petitioner on April 6, 2009 did not toll statute of limitations because it was filed after the one-year limitations period had expired on February 13, 2009.

**Conclusion**

Petitioner is hereby directed to show cause by affirmation, within thirty (30) days from the date of this Order, why the AEDPA statute of limitations should not bar the instant petition. See Day, 547 U.S. at 209-10; Acosta, 221 F.3d at 125. An affirmation form is attached to this Order for petitioner's convenience. If petitioner believes that statutory tolling applies to this case or

4

should he have a basis to ask the Court to equitably toll the statute of limitations, he shall present the facts to the Court in his affirmation and shall append to his affirmation documentary evidence, if available, supporting his allegations. Petitioner should also supply the dates of filing and decision(s) of any post-conviction motion he believes may toll the statute of limitations and shall append to his affirmation documentary evidence, if available, supporting his allegations.

No response shall be required from respondent at this time and all further proceedings shall be stayed for thirty (30) days or until the petitioner has complied with this Order. If petitioner fails to comply with this Order within the time allowed, the instant petition may be dismissed as time-barred.

SO ORDERED.

/Signed by Judge Amon/

Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
March 1, 2011

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILLIAM McMICHAEL,

                Petitioner,                           PETITIONER'S AFFIRMATION

   -against-

                                                          11-CV-00956 (CBA)

PATRICK McGRIFFIN, Superintendent,
Southport Correctional Facility,

                Respondent.
-------------------------------------------------------------X
STATE OF NEW YORK    }
                              } ss:
COUNTY OF _____  }

      I, WILLIAM McMICHAEL, make the following affirmation under the penalties of perjury:

1.    I am the petitioner in this action and I respectfully submit this affirmation in response to the Court's order dated _____, 20__. The instant petition should not be time-barred by the AEDPA's one-year statute of limitations because _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

1

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____ [YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2. In view of the foregoing, it is respectfully submitted that the instant petition should be permitted to proceed.

Dated: _____

_____
Signature

_____
Address

_____
City, State & ZIP